GRANT, et al *v.* NORWOOD, EXECUTRIX, ETC.

No. 42905          February 24, 1964          161 So. 2d 189

*Watkins & Eager,* Jackson; *Taylor & Townsend,* Drew; *Lyon & Crosthwait,* Indianola; *Joseph Pike,* Louisville, Kentucky, for appellants.

*Jacobs, Griffith & Hatcher,* Cleveland; *Clark, Town-send & Davis,* Indianola, for appellees.

744

ETHRIDGE, J.

This is a will contest. Miss Rosye Chamberlain died in October, 1961, at the age of 94 years. There was an original will and two codicils. The appellee is Mrs. Eddie H. Norwood, appointed executrix by the will, and one of its beneficiaries. The appellants are Mrs. Sarah Grant, Mrs. Beatrice Field, Mrs. Rosalie Brehme, and Mrs. Annette Quin. They received nothing under the will. They were the first cousins and sole heirs at law of Miss Chamberlain, except for another first

cousin, Louis J. Chamberlain, a beneficiary. After the will was probated and Mrs. Norwood, designated as executrix, was approved and qualified, the four appellants filed a contest, asserting the will and codicils were executed at times when Miss Rosye was mentally incapable, and they were executed through undue influence exercised upon testatrix by Mrs. Norwood and Mrs. Luevenia McShan.

After a lengthy trial, the jury found for the proponents, and the decree of the chancery court adjudicated the will and codicils to be valid in accordance with that verdict. Appellants concede that a jury issue was made on testamentary capacity, and do not assign as error the verdict on that issue. The sole question is whether there was sufficient evidence to support the finding of the jury that the will and codicils were not made through undue influence upon testatrix by Mrs. Norwood and Mrs. McShan, but were the product of testatrix's free and independent intent and will. A subsidiary question, related to the main one, is whether there was a confidential relationship of a fiduciary nature existing between Miss Rosye and Mrs. Norwood and Mrs. McShan.

After careful consideration of the lengthy evidence in this record, we have concluded that there was ample evidence to support the jury finding that testatrix did not make her will pursuant to such undue influence, and that it was a valid testamentary disposition. The great preponderance of the evidence supported the verdict.

The jury was also warranted in finding that there was no fiduciary relationship between Miss Rosye, and Mrs. Norwood and Mrs. McShan. However, assuming there was, the evidence showed clearly that these ladies exercised no undue influence upon Miss Rosye, but on the contrary, her will and codicils were the product of her own independent mind and purpose.

■■■ The beneficiaries, except Louis J. Chamberlain, were not blood relatives of testatrix. They were close personal friends and people who had demonstrated their interest and affection for her. The evidence indicates appellants had no personal relationships with the testatrix, and certainly not any close personal contacts. Under all of the facts Miss Rosye left her property to these people who had been interested in her and had indicated their friendship. A will is unnatural only when it is contrary to what the testatrix, from her own views, feelings, and intentions, would have been expected to make. When it is in accordance with such views, it is not unnatural. Hence whether a will is natural or unnatural is a question to be determined in each case by the facts. In the present instance the beneficiaries of this will were the natural donees of Miss Rosye. 94 C.J.S., Wills, § 62.

■■■ The personal physician of the testatrix testified for the proponents, over the objection of contestants. The trial court correctly overruled the objection. Mississippi Code 1942, Rec., section 1697 provides that communications made to a physician by a patient are privileged, and the former can not be required to disclose the same in any legal proceeding "except at the instance of the patient or in the case of the death of the patient, by his personal representative or legal heirs in case there be no representative." Miss. Laws 1944, ch. 315. The statute expressly authorized the personal representative of the deceased to waive the privilege. 58 Am. Jur., Witnesses, § 439; 97 C.J.S., Witnesses, § 307(b), pp. 852-853.

Affirmed.

*Lee, C. J., and McElroy, Rodgers and Patterson, JJ.,* concur.